UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No. 25-cv-10223

Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 11, 13)**

Plaintiff Bryan F. appeals the final decision of defendant
Commissioner of Social Security (Commissioner), which denied his
application for supplemental security income (SSI) under the Social
Security Act.  Both parties consented to the undersigned conducting all
proceedings under 28 U.S.C. § 636(c) and move for summary judgment.
ECF No. 10; ECF No. 11; ECF No. 13.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter

---

[1] Only the evidence below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the ALJ failed adequately to evaluate opinions from consultative examiners Hugh Bray, Ph.D., and John Jeter, M.A.  ECF No. 11, PageID.1672-1677.  ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors.  20 C.F.R. § 416.920c(a).  "But the regulations only require ALJs to discuss the first two—supportability and consistency."  *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021).  Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1).  An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive.  *Id.* § 416.920c(c)(2).

The ALJ accurately summarized Bray's and Jeter's findings, including their opinions that plaintiff's ability to withstand the pressures of full-time employment was markedly impaired and his ability to maintain the pace and schedule of a work environment was severely impaired.  ECF No. 8-1, PageID.243-244 (citing ECF No. 8-2, PageID.1210-1213, 1218-1223).  The

ALJ found these opinions "generally persuasive" because they aligned with

Bray's and Jeter's examination reports and examination findings from other

medical providers.  *Id.*  She concluded, "The undersigned considered Dr.

Bray's opinions and observations in restricting the claimant to simple,

routine, and repetitive tasks with reduced stressors and reduced

interactions with others."  *Id.*, PageID.245.

Plaintiff contends that, despite finding Bray's and Jeter's opinions

persuasive, the ALJ seemingly rejected their findings of marked

impairments in tolerating the stress and pressure of full-time work and

severe impairments in maintaining pace and schedule.  ECF No. 11,

PageID.1674.  But the ALJ addressed those impairments when assessing

plaintiff's RFC:

> [Plaintiff] can perform simple, routine, and repetitive tasks, but
> not at a production-rate pace (so, for example, no assembly line
> work).  He can respond appropriately to occasional interaction
> with supervisors, co-workers and the general public and can
> tolerate few changes in the work setting, defined as routine job
> duties that remain static and are performed in a stable,
> predictable work environment.  Any necessary changes need to
> occur infrequently, be gradually introduced, and easily
> explained.

ECF No. 8-1, PageID.237-238.

Plaintiff contends that the RFC is insufficient, interpreting Bray's and

Jeter's opinions to mean that he would be excessively absent, tardy, or off

4

task, and thus unable to work.  ECF No. 11, PageID.1676 (citing ECF No. 8-1, PageID.290); ECF No. 14, PageID.1697.  But plaintiff cites no opinion that placed "concrete functional limitations on [his] abilities to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014).  And even if Bray and Jeter implied that plaintiff would be absent or off task, an ALJ need not adopt every finding of a persuasive opinion if she explains the basis for that departure.  *Mirian S. v. Comm'r of Soc. Sec.*, No. 4:23-cv-12979, 2024 WL 5439688, at *15 (E.D. Mich. Oct. 8, 2024).

The ALJ did not err, as she "extensively incorporated" Bray's and Jeter's opinions and reached an RFC based on her analysis of the other record evidence.  *See Corliss K. v. Bisignano*, No. 24-cv-03707, 2025 WL 2691884 (D. Minn. Sept. 22, 2025) (finding no legal error when the ALJ excluded one element of a consultant's otherwise persuasive report and the other evidence supported the ALJ's RFC).  Bray and Jeter found that plaintiff responded well to instruction and positive criticism, was motivated, and worked adequately.  ECF No. 8-2, PageID.1212.  They found that plaintiff's ability to understand and perform simple tasks was "within normal

limits" and that he was only moderately impaired in concentration, persistence, and pace.  *Id.*, PageID.1213, 1222.

The ALJ also evaluated medical records from several other providers that reflected benign mental status findings.  ECF No. 8-1, PageID.242-245.  Plaintiff's providers often observed that his attention, perception, mood, and behavior were normal.  *See, e.g.*, ECF No. 8-1, PageID.675, 702, 720, 725, 788, 808; ECF No. 8-2, PageID.1129, 1226, 1390.  No medical source found that plaintiff's mental impairments would result in excessive absences or off-task behavior.

And the ALJ found persuasive the opinion of treating psychologist, Herman Daldin, Ph.D., that plaintiff had no limitations in his ability to understand, remember, and carry out simple instructions and that his impairments only impacted "more complex executive functions in attention and short term memory."  ECF No. 8-1, PageID.244 (citing ECF No. 8-1, PageID.760).  Daldin also found no impairments in plaintiff's ability to concentrate, persist, or maintain pace.  *Id.*, PageID.761.

State-agency psychologists evaluated the record—including Bray's and Jeter's opinions—and found that plaintiff had moderate impairments in his ability to understand, remember, and carry out complex instructions; interact with the public; and respond appropriately to changes in work

6

setting. *Id.*, PageID.360-361, 373-374. They concluded that plaintiff could perform simple, routine, repetitive tasks on a sustained basis. *Id.* The ALJ found these opinions persuasive but noted that plaintiff had marked limitations in his ability to adapt, consistent with Bray's opinion. *Id.*, PageID.244-245. The ALJ properly relied on the state agency consultants to translate Bray's and Jeter's opinions into functional limitations. *See Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019). And a plaintiff faces an uphill battle when, as here, the ALJ found him more restricted than the state agency consultant. *See, e.g.*, *McCoy v. Kijakazi*, No. 21-11739, 2023 WL 3407159, at \*7 (E.D. Mich. Feb. 27, 2023), *adopted*, 2023 WL 3147899 (E.D. Mich. Apr. 28, 2023).

Plaintiff fails to sustain his burden of showing that the ALJ's assessment of his RFC was inadequate to address his mental impairments. *See Simpkins v. Comm'r of Soc. Sec.*, No. 20-10673, 2021 WL 4198404, at \*3 (E.D. Mich. Apr. 8, 2021), *adopted*, 2021 WL 3771874 (E.D. Mich. Aug. 25, 2021) ("Simpkins bears the burden of showing how his…impairments, limited his ability beyond the ALJ's RFC."). So the Court **DENIES** plaintiff's motion for summary judgment (ECF No. 11), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 13), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

7

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge


Dated: December 2, 2025

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager